## Robinson v. Robinson

*Bernard H. Hessley*, for plaintiff.
*V. Joseph James*, for defendant.

WOLFE, *P.J.*, March 2, 1987—The narrow issue in this case is if the court has continuing jurisdiction to dispose of property claims of the parties after dissolution of the marital status under section 201(c) of the Divorce Code when plaintiff praecipes the prothonotary pursuant to Rule 1920.73 of the

Pennsylvania Rules of Civil Procedure to transmit the record and notes therein that there are no related claims pending, and the court subsequently enters the divorce decree without reservation of disposition of marital property; but prior to the divorce decree plaintiff had filed a petition for related claims under the Divorce Code. We hold the court has jurisdiction over the parties' marital property issues and may appoint a divorce hearing master to hear and determine the marital property in this case, to-wit, defendant's pension value.

Defendant argues because the praecipe noted that there were no related claims pending and the court thereafter entered an absolute divorce with no reservations for property disposition, plaintiff is now precluded from making the claim. Defendant's argument is based in Pa.R.C.P. 1920.72 and 1920.73. The former rule structures the form for a complaint in an action of divorce under section 201(c) or section 201(d) and under the affidavit of consent, paragraph 4, the affiant acknowledges that rights concerning alimony, division of property, lawyer's fees or expenses may be lost if not claimed before a divorce is granted.

It is defendant's argument because plaintiff did not reserve any pending claims in the affidavit or the praecipe to transmit the record, and indeed indicated there were no related claims, plaintiff is now barred from making the property claim.

Nowhere in the memorandum of law filed by defendant does defendant acknowledge the fact that on January 4, 1986, plaintiff petitioned for equitable distribution of the parties' marital property under paragraph 4, alleging:

"Petitioner and respondent have legally and beneficially acquired property, both real and personal,

during their marriage until the date of their separation, which property is marital property."

The divorce decree was entered March 5, 1986.

Defendant's reliance upon Rule 1920.72 as being dispositive of the subsequent property claim is without substance. The affidavit of consent is intended to inform the affiant that the property rights of plaintiff or defendant in a section 201(c) divorce may be lost if not claimed before the decree is entered. The rule clearly does not make it mandatory the claim must be made when the consent is executed, nor when the praecipe to transmit the record is made. The rules are informative and advisatory, but not directive.

Defendant likewise overlooks Rule 1920.15 of Pa.R.C.P. addressing counterclaims and subsequent petitions, subsection (b) provides:

"The defendant may file to the same term and number a subsequent petition (to the divorce complaint) raising any claims which under the Divorce Code may be joined with an action of divorce or for annulment. The averment shall be deemed denied unless admitted by an answer."

Thus, it is clear a request for equitable distribution of marital property need not be requested in the affidavit of consent but may be by separate petition.

Finally, the only rule we find that mandates a claim prior to the entry of a divorce decree or the claim is deemed waived is Rule 1920.31 of Pa. Rules of Civil Procedure which provides in subsection (c):

"The failure to claim alimony, alimony pendente lite, or counsel fees and expenses prior to the entry of a final decree of divorce or annulment shall be deemed a waiver thereof unless the court expressly provides otherwise in its decree. The failure to claim

child support shall not bar a separate and subsequent action therefor."

For these reasons we hold plaintiff timely raised the issue of equitable distribution of marital property and the appointment of the divorce hearing master was proper.

## ORDER

And now, this March 2, 1987, defendant's petition to stay proceedings is denied.